Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
07/10/2026 08:08 AM CDT

State of Nebraska, appellee, v. Anthony L.
Burries, appellant.

___ N.W.3d ___

Filed July 10, 2026.    No. S-25-543.

1. **Postconviction: Constitutional Law: Appeal and Error.** In appeals from postconviction proceedings, an appellate court reviews de novo a determination that the defendant failed to allege sufficient facts to demonstrate a violation of his or her constitutional rights or that the record and files affirmatively show that the defendant is entitled to no relief.
2. **Postconviction: Judgments: Appeal and Error.** Whether an issue raised in a postconviction proceeding is procedurally barred is a question of law which an appellate court reviews independently of the lower court's ruling.
3. **Postconviction: Appeal and Error.** It is fundamental that a motion for postconviction relief cannot be used to secure review of issues which were known to the defendant and could have been litigated on direct appeal.
4. **Postconviction: Pleadings: Appeal and Error.** The Nebraska Supreme Court has long construed Neb. Rev. Stat. § 29-3001(3) (Cum. Supp. 2024) to require that all available grounds for postconviction relief must be stated in the initial postconviction motion and, once that motion has been judicially determined, any subsequent postconviction motion regarding the same conviction and sentence may be dismissed by the district court unless the motion affirmatively shows on its face that the basis relied upon for relief was not available at the time of filing the prior motion.
5. **Postconviction: Pleadings.** A defendant is entitled to bring a successive postconviction motion only when the face of the motion affirmatively shows that the issues raised therein could not have been raised in prior motions.
6. **Postconviction.** Whether issues raised in a postconviction proceeding are procedurally barred is not a matter of jurisdiction.

7. **Courts: Appeal and Error.** Generally, a concurring opinion, however persuasive, is not binding and does not have any precedential value.
8. **Postconviction: Attorney and Client: Pleadings.** When a defendant is represented by counsel in a postconviction proceeding, any court filings by the defendant pro se while counsel remains of record, other than a motion to discharge his or her attorney and to proceed without counsel, will be considered a nullity.
9. **Appeal and Error.** Except for instances of plain error, only those issues both raised or passed upon below and specifically assigned and specifically argued on appeal will be considered by the appellate court.
10. **Postconviction: Constitutional Law: Proof.** In a motion for postconviction relief, the defendant must allege facts which, if proved, constitute a denial or violation of his or her rights under the U.S. or Nebraska Constitution, causing the judgment against the defendant to be void or voidable.
11. ____: ____: ____. The district court must grant an evidentiary hearing to resolve the claims in a postconviction motion when the motion contains factual allegations which, if proved, constitute an infringement of the defendant's rights under the state or federal Constitution.
12. **Postconviction: Pleadings.** The allegations in a motion for postconviction relief must be sufficiently specific for the district court to make a preliminary determination as to whether an evidentiary hearing is justified.
13. **Postconviction: Constitutional Law: Proof.** An evidentiary hearing is not required on a motion for postconviction relief when (1) the motion does not contain factual allegations which, if proved, constitute an infringement of the movant's constitutional rights rendering the judgment void or voidable; (2) the motion alleges only conclusions of fact or law without supporting facts; or (3) the records and files affirmatively show that the defendant is entitled to no relief.
14. **Effectiveness of Counsel: Proof.** To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense.
15. **Effectiveness of Counsel: Presumptions: Proof.** The two prongs of the test under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), may be addressed in either order, and the entire ineffectiveness analysis should be viewed with a strong presumption that counsel's actions were reasonable.
16. **Effectiveness of Counsel: Proof: Words and Phrases: Appeal and Error.** To show prejudice under the prejudice component of the test

under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must demonstrate a reasonable probability that but for his or her counsel's deficient performance, the result of the proceeding would have been different.

17. **Postconviction: Effectiveness of Counsel: Appeal and Error.** A motion for postconviction relief asserting ineffective assistance of trial counsel is procedurally barred when (1) the defendant was represented by a different attorney on direct appeal than at trial, (2) an ineffective assistance of trial counsel claim was not brought on direct appeal, and (3) the alleged deficiencies in trial counsel's performance were known to the defendant or apparent from the record.

18. **Effectiveness of Counsel: Appeal and Error.** If ineffective assistance claims are either without merit or not sufficiently raised or the record is insufficient to resolve them on direct appeal, the record does not support a claim of cumulative error.

Appeal from the District Court for Douglas County: J Russell Derr, Judge. Affirmed.

Natalie M. Andrews, of Chandler | Conway, P.C., L.L.O., for appellant.

Michael T. Hilgers, Attorney General, and Nathan A. Liss for appellee.

Funke, C.J., Cassel, Stacy, and Papik, JJ., and McManaman and Butler, District Judges.

Cassel, J.

## I. INTRODUCTION

Anthony L. Burries challenges the overruling, without an evidentiary hearing, of his third amended motion for postconviction relief. Finding no merit to his specific assignments of error and arguments on appeal, we affirm the judgment of the district court.

## II. BACKGROUND

As we note below, this appeal marks the third time Burries' first degree murder conviction has come before us. The record is lengthy, and the procedural history is unnecessarily

complicated by Burries' purported pro se filings while he was represented by counsel.

## 1. Trial

The State charged Burries with first degree murder for killing his girlfriend, Tina Hoult, and a jury found him guilty. Facts underlying Burries' conviction are set forth in *State v. Burries* (*Burries I*).[1]

Briefly, Hoult was found deceased in her apartment on the morning of Sunday, May 18, 2014. A pathologist was unable to determine the time or date of her death but opined that Hoult died at least several hours before she was found. Testimony of Harmony Howard, a different girlfriend who had a child with Burries, placed Burries at Hoult's apartment at about 3:30 a.m. on Friday, May 16. Leading up to that time, Burries and Hoult had exchanged numerous text messages, some of which expressed dissatisfaction with one another. The last text message sent by Hoult's phone was sent to Burries at 3:40 a.m.

Pursuant to the jury's verdict, the district court adjudged Burries guilty of murder in the first degree. It imposed a sentence of life imprisonment.

## 2. Direct Appeal

Through new counsel, Burries filed a direct appeal. In addition to other issues, Burries assigned four errors asserting ineffective assistance of trial counsel. He claimed trial counsel provided ineffective assistance in failing to (1) file a motion to suppress Burries' statements to investigators, (2) object to irrelevant DNA evidence and in confusing the jury by eliciting testimony that Burries could have been the contributor, (3) renew an objection to a certified copy of Burries' assault conviction, and (4) adequately investigate and present several aspects of Burries' defense. Burries elaborated on the latter assignment in the argument section of his brief, setting

---

[1] *State v. Burries*, 297 Neb. 367, 900 N.W.2d 483 (2017).

forth 26 specific deficiencies. (The filing of Burries' brief on direct appeal predated our decision requiring that an assignment of error specifically allege deficient performance.[2])

For completeness, we list those purported deficiencies. Burries claimed that trial counsel was ineffective for failing to subpoena: cell phone providers for Burries, Hoult, and Howard; records, receipts, and video from a fast-food restaurant; an itinerary from an airline; records from a hospital; work and cell phone records and prior criminal record of Adrian Hogan; video footage from a particular bar and from the resident at a specific address; medical records from Hoult's medical providers; and recordings of inmate calls from the Douglas County Correctional Center. Burries alleged that trial counsel failed to investigate and call as witnesses seven named individuals, including Judith Coburn. He claimed that trial counsel performed ineffectively at trial by failing to confront Det. Sherry King with inconsistent statements that were made to her, make a record and move for either a replacement juror or a mistrial concerning a juror's association with a witness and a juror's sleeping during trial, make a *Batson* challenge[3] during voir dire, present evidence of Burries' intoxication at the time of his interview with law enforcement, file a motion based on a *Brady* violation,[4] call as a witness a cell phone expert hired by Burries, impeach a witness with his prior inconsistent identification of a different man as Burries, and introduce Burries' clothing to show Burries did not burn the clothing he wore to a lounge.

We rejected claims of ineffective assistance related to failing to seek suppression of Burries' statements during an interrogation and related to DNA evidence. We determined that

---

[2] See *State v. Mrza*, 302 Neb. 931, 926 N.W.2d 79 (2019), *disapproved on other grounds, State v. Hagens*, 320 Neb. 65, 26 N.W.3d 174 (2025).

[3] See *Batson v. Kentucky*, 476 U.S. 79, 106 S. Ct. 1712, 90 L. Ed. 2d 69 (1986).

[4] See *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963).

the record was insufficient to address Burries' claims that trial counsel was ineffective in failing to investigate and obtain favorable evidence from several potential witnesses and in failing to investigate other potential sources of favorable evidence. Ultimately, we affirmed Burries' conviction.[5]

### 3. Commencement of Postconviction Proceeding

#### (a) Initial Motion

One year after issuance of our mandate on direct appeal, Burries, through different counsel, filed a timely[6] verified motion for postconviction relief. In the motion, Burries alleged that trial and appellate counsel provided ineffective assistance in a multitude of ways.

The State moved to dismiss Burries' postconviction motion. Before the court ruled on either motion, Burries' counsel requested leave to file an amended motion for postconviction relief.

#### (b) First Amended Motion

The court sustained counsel's request for leave and set a deadline for an amended motion to be filed. On the deadline, Burries filed, pro se, a 166-page motion for postconviction relief. To the motion, he attached hundreds of pages of exhibits. Prior to any action in response to the first amended motion, Burries' counsel requested leave to file a second amended motion for postconviction relief.

#### (c) Second Amended Motion and Other Filings

Before the court ruled on counsel's request for leave to amend, Burries filed a pro se second amended motion for postconviction relief. The State moved to dismiss it.

Upon Burries' request, the court allowed his counsel to withdraw. Burries then filed several pro se documents.

---

[5] *Burries I, supra* note 1.

[6] See Neb. Rev. Stat. § 29-3001(4)(a) (Cum. Supp. 2024).

In a March 2020 order, the court identified the numerous filings in the case since August 2017. It stated that "[t]here is some confusion as to what motion/pleading is currently pending before the Court." So, "[t]o press the reset button," the court granted Burries leave to file a third amended motion—which was not to exceed 15 pages, including attachments—within 30 days.

Instead of filing such a motion, Burries filed a motion for new trial. The same day, he filed an objection to the court's March 2020 order. Some 3 months later, in July 2020, the court entered the following order:

> THIS MATTER came before the Court on the Court's own Motion. The Court entered an Order on March 11, 2020 giving [Burries] leave to file a Third Amended Motion for Postconviction Relief within 30 days. [Burries] did not file a Third Amended Motion for Postconviction Relief and more than 30 days has passed.
>
> IT IS THEREFORE ORDERED, [Burries'] Second Amended Motion for Post Conviction Relief is overruled.

### 4. Postconviction Appeal

Burries filed a timely appeal. He moved for the appointment of counsel, and we ordered the district court to rule upon that motion. The district court thereafter appointed counsel and, in the same order, purported to vacate its July 2020 order and allow for the filing of a third amended motion for postconviction relief. We summarily reversed that order, except for the portion appointing counsel on appeal.

Burries' appellate brief assigned error to the denial of his request for postconviction relief. His argument focused on the merits of his second amended motion.

The State asserted that the postconviction proceeding was properly dismissed because Burries failed to comply with the district court's directive to file a third amended postconviction motion. The State also noted that the second amended postconviction motion was not "verified," as required by § 29-3001.

In *State v. Burries* (*Burries II*),[7] we concluded that Burries' failure to file a verified petition supported the district court's dismissal. Thus, we affirmed the decision of the district court on a different ground.

A concurring opinion endeavored to provide clarity about the status of the proceeding and noted that the district court's order stated it "'overruled' the second amended motion; it did not state that it was dismissing the action or that the dismissal was with prejudice."[8] Thus, the concurrence stated that "when this case returns to the district court, Burries will have the opportunity to request leave to amend the second amended motion to include verification and the district court would be well within its discretion to grant such leave."[9]

### 5. THIRD AMENDED MOTION AND STATE'S RESPONSE

A couple of months after issuance of our mandate, Burries' counsel moved for leave to file an amended motion. The district court sustained the motion.

Burries filed a lengthy pro se third amended motion for postconviction relief. But because Burries had court-appointed counsel, the court declared that all filings must be prepared by counsel. The court provided time to file, through counsel, a third amended motion for postconviction relief that was not to exceed 15 pages.

After receiving numerous extensions, Burries' counsel filed a verified "Third Amended Motion for Post Conviction Relief." It contained over 20 allegations of ineffective assistance of counsel. Though the motion itself was 15 pages, it included citations to attached exhibits that composed 460 pages. For the sake of completeness, we summarize the numerous claims.

---

[7] *State v. Burries*, 310 Neb. 688, 969 N.W.2d 96 (2022).

[8] *Id.* at 697, 969 N.W.2d at 102 (Miller-Lerman, J., concurring).

[9] *Id.*

Nine of the claims alleged ineffectiveness by trial counsel only. Burries alleged that trial counsel failed to introduce the clothing that Burries wore to a lounge on the evening of May 15, 2014; conduct an investigation regarding Hogan; and present evidence that Burries was intoxicated when interviewed by law enforcement. Burries claimed that trial counsel provided ineffective assistance in several respects concerning cell phones: by failing to investigate and challenge the two extractions from Hoult's phone and by failing to obtain records for the phones of Burries, Hoult, and Howard. Burries alleged that trial counsel should have impeached a witness regarding his misidentification of Burries and inconsistencies in the witness' testimony. Burries also alleged that trial counsel was ineffective with respect to jurors, because counsel failed to object to the State's peremptory challenges of potential minority jurors and failed to take appropriate action upon observation of jury misconduct.

Burries set forth 15 layered claims of ineffective assistance of counsel. The claims concerned the failure to investigate the conduct of a male detective in light of an internal affairs investigation against him; attack the pathologist's testimony regarding Hoult's time of death; subpoena video footage from inside a particular bar to impeach a witness' testimony; subpoena evidence from the fast-food restaurant to show Howard was a considerable distance from the crime scene at the times relevant to the State's timeline of events; call four named individuals as witnesses; interview and subpoena a particular female; impeach Howard's testimony; produce witness testimony of Tammy Dolan's encounter with Hoult on Friday, May 16, 2014, at 7:30 a.m. and Coburn's observation of Hoult that day at 2:30 p.m.; impeach a detective, King, with information that Coburn told detectives she saw Hoult alive at 2:30 p.m. on Friday; locate and subpoena Coburn; forensically examine Howard's vehicle; obtain phone records from Douglas County Department of Corrections to impeach testimony that Burries threatened Hoult during a prior incarceration; subpoena

records to disprove testimony from Hoult's coworkers that Hoult did not work on May 16, 2014; and request a limiting instruction under Neb. Rev. Stat. § 27-404 (Cum. Supp. 2024) before the testimony of witnesses and make an objection on "404 grounds."

Burries' final claim broadly alleged that "[a]ppellate counsel failed to adequately brief and present several aspects of the Defense's argument as well as failed to present all claims of ineffective assistance of trial counsel on direct appeal."

The State submitted a brief arguing that an evidentiary hearing was not warranted because each of Burries' claims was either procedurally barred, insufficiently alleged, or affirmatively refuted by the record.

### 6. District Court's Decision

The district court entered a 26-page order rejecting Burries' claims. First, it found to be procedurally barred the claim that trial counsel was ineffective for failing to call an expert witness who could testify that the State's theory on Hoult's time of death would be unsupported by her autopsy.

Next, it turned to the issues of ineffective assistance of trial counsel that were raised on direct appeal but were unable to be decided based on the trial record. Starting with the prejudice prong of *Strickland v. Washington*,[10] the court found that the record refuted the claim that Burries suffered any prejudice. The court quoted the factual background from *Burries I* and stated, "The overwhelming body of evidence proved [Burries'] guilt, and, even if counsel were deficient at any time within any of the claims alleged, the decision in this case would not have been any different in light of the evidence adduced at trial." It also stated that the motion lacked sufficient facts relating to prejudice.

The court specifically addressed Burries' claim that if Coburn were called as a witness, she would have testified

---

[10] *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

that she saw Hoult in the afternoon of Friday, May 16, 2014, which would have corroborated Dolan's trial testimony about seeing Hoult at 7:30 a.m. on May 16. The court explained:

> [Burries] had one witness testify that . . . Hoult was seen alive on May 16, 2014. Despite this testimony, the jury nonetheless found [Burries] guilty. The factual assertions [Burries] wanted . . . Coburn to make were already in the record, but the jury apparently chose not to believe those claims or give them any weight. [Burries'] Motion fails to state how a second witness's testimony would have changed his outcome at trial. [Burries] failed to show that his trial counsel was deficient for not calling . . . Coburn, and the record refutes his factual assertions.

Then, the court addressed Burries' layered claims of ineffective assistance of counsel. It stated that because trial counsel was not ineffective, Burries suffered no prejudice when appellate counsel failed to bring an ineffective assistance of trial counsel claim. Again, the court continued to consider the claims even though the lack of prejudice was reason alone to deny the motion. It determined that Burries' arguments were conclusory regarding evidence obtained from the vehicle, prior misconduct from the detective, time of death testimony, and failure to call Coburn to testify. It stated that the record refuted Burries' claim related to instructions. And it rejected a claim of ineffectiveness for failure to attack the testimony of the pathologist, stating that Burries was attempting to rely on the opinion of a nurse who would not qualify as an expert under Neb. Rev. Stat. § 27-402 (Reissue 2016).

Burries filed a timely appeal, which was docketed with this court.[11] We overruled the State's motion for summary affirmance.[12]

---

[11] See Neb. Rev. Stat. § 24-1106(1) (Cum. Supp. 2024).

[12] See Neb. Ct. R. App. P. § 2-107(B)(2) (rev. 2022).

## III. ASSIGNMENTS OF ERROR

Burries assigns that the court erred in (1) denying his motion for postconviction relief when the allegations were not generic or conclusory and in holding that Burries was required to establish how a different result at trial would have been obtained, (2) finding that his claim about counsel's failure to present a meaningful challenge to Hoult's time of death through a pathology expert was procedurally barred when the results of such opinion were neither known to him at the time of direct appeal nor was the deficiency apparent from the record, (3) not granting an evidentiary hearing on trial counsel's failure to call Coburn to testify when prejudice was set forth in the third amended motion for postconviction relief, and (4) determining that the record demonstrated he was entitled to no relief.

## IV. STANDARD OF REVIEW

[1] In appeals from postconviction proceedings, an appellate court reviews de novo a determination that the defendant failed to allege sufficient facts to demonstrate a violation of his or her constitutional rights or that the record and files affirmatively show that the defendant is entitled to no relief.[13]

[2] Whether an issue raised in a postconviction proceeding is procedurally barred is a question of law which an appellate court reviews independently of the lower court's ruling.[14]

## V. ANALYSIS

### 1. THIRD AMENDED POSTCONVICTION MOTION NOT BARRED AS SUCCESSIVE MOTION

[3] Postconviction relief may be barred due to procedural rules. It is fundamental that a motion for postconviction relief cannot be used to secure review of issues which were

---

[13] *State v. Lotter*, 311 Neb. 878, 976 N.W.2d 721 (2022).

[14] See *id*.

known to the defendant and could have been litigated on direct appeal.[15]

[4,5] A postconviction statute cautions against filing more than one postconviction motion. Section 29-3001(3) expressly provides that a "court need not entertain a second motion or successive motions for similar relief on behalf of the same prisoner." We have long construed this statutory provision to require that all available grounds for postconviction relief must be stated in the initial postconviction motion and, once that motion has been judicially determined, any subsequent postconviction motion regarding the same conviction and sentence may be dismissed by the district court unless the motion affirmatively shows on its face that the basis relied upon for relief was not available at the time of filing the prior motion.[16] Therefore, a defendant is entitled to bring a successive postconviction motion only when the face of the motion affirmatively shows that the issues raised therein could not have been raised in prior motions.[17]

[6] The State asserts that Burries' motion is a successive motion and that, as such, all his claims are procedurally barred. We have stated that the period of limitation under § 29-3001(4) is not a jurisdictional requirement.[18] Likewise, whether issues raised in a postconviction proceeding are procedurally barred is not a matter of jurisdiction. We assume, without deciding, that Burries' third amended motion is not barred as a successive motion.

## 2. Concurrence in *Burries II* Not Controlling

[7] Before turning to the merits of Burries' claims, we consider the State's criticism of the concurring opinion in

---

[15] *Id.*

[16] See *State v. Reichel*, 187 Neb. 464, 191 N.W.2d 826 (1971).

[17] *State v. Lotter, supra* note 13.

[18] See *State v. Crawford*, 291 Neb. 362, 865 N.W.2d 360 (2015), *disapproved on other grounds, Burries II, supra* note 7.

*Burries II*. Generally, a concurring opinion, however persuasive, is not binding and does not have any precedential value.[19] But here, it appears that the district court and counsel proceeded as suggested by the concurrence.

The State first takes issue with the notion that Burries' postconviction motion remained subject to amendment based on the district court's terminology. The concurrence highlighted that the district court "'overruled' the second amended motion; it did not state that it was dismissing the action or that the dismissal was with prejudice."[20] The State points to a postconviction statute specifying that "[a]n order sustaining or *overruling* a motion filed under sections 29-3001 to 29-3004 shall be *deemed to be a final judgment* . . . ."[21] The State also notes that when a postconviction motion does not allege facts that would render the judgment void or voidable, we have disapproved of the articulation that a postconviction court should dismiss the motion for failure to state a claim and stated that the proper course is to overrule the motion for postconviction relief without an evidentiary hearing.[22] Here, we are not concerned so much with the particular words used, but, rather, with the practical effect of the lower court's and this court's decisions—neither of which addressed the facts alleged in the second amended motion for postconviction relief.

Next, the State points out an inconsistency between the concurrence's reliance on civil rules of pleading and our case law. The concurrence asserted that "a 'defective verification may be corrected by amendment.'"[23] In *State v. Robertson*,[24]

---

[19] See 21 C.J.S. *Courts* § 189 (2016).

[20] *Burries II, supra* note 7, 310 Neb. at 697, 969 N.W.2d at 102 (Miller-Lerman, J., concurring).

[21] Neb. Rev. Stat. § 29-3002 (Reissue 2016) (emphasis supplied).

[22] See *State v. Allen*, 301 Neb. 560, 919 N.W.2d 500 (2018).

[23] *Burries II, supra* note 7, 310 Neb. at 697, 969 N.W.2d at 102 (Miller-Lerman, J., concurring).

[24] *State v. Robertson*, 294 Neb. 29, 881 N.W.2d 864 (2016).

a 2016 decision, we explained why a postconviction pro-
ceeding—which is civil in nature—is not an ordinary civil
action and why "grafting the civil pleading rules onto post-
conviction proceedings is problematic for several reasons."[25]
In doing so, we observed that "postconviction proceedings
have their own pleading requirements"[26] and that "there is a
1-year period of limitation applicable to the filing of a motion
for postconviction relief."[27] Following this explanation, we
"clarif[ied] that civil pleading rules do not apply to postcon-
viction proceedings."[28]

The State also quarrels with the concurrence's statement
about requesting leave to amend. The concurrence stated that
"when this case returns to the district court, Burries will have
the opportunity to request leave to amend the second amended
motion to include verification and the district court would be
well within its discretion to grant such leave."[29]

We have addressed requests for leave to amend a postcon-
viction motion. In *Robertson*, the prisoner requested leave
to amend under Neb. Ct. R. Pldg. § 6-1115(a) after the dis-
trict court concluded that the postconviction motion did not
warrant an evidentiary hearing and denied postconviction
relief. We stated, "Nebraska's postconviction relief statutes
simply do not contemplate the opportunity to amend a plead-
ing after the court determines the pleading is insufficient to
necessitate an evidentiary hearing."[30] We distinguished the
situation from that in *State v. Mata*,[31] where the request to

---

[25] *Id.* at 42, 881 N.W.2d at 875.

[26] *Id.*

[27] *Id.* at 42, 881 N.W.2d at 876.

[28] *Id.* at 43-44, 881 N.W.2d at 876.

[29] *Burries II, supra* note 7, 310 Neb. at 697, 969 N.W.2d at 102
(Miller-Lerman, J., concurring).

[30] *State v. Robertson, supra* note 24, 294 Neb. at 44, 881 N.W.2d at 877.

[31] *State v. Mata*, 280 Neb. 849, 790 N.W.2d 716 (2010), *disapproved in part,
State v. Robertson, supra* note 24.

amend a postconviction motion was made before the court ruled on it. And although we adhered to our holding in *Mata* that it was an abuse of discretion to deny the request to amend, we "clarif[ied] that postconviction proceedings are not 'governed' by the Nebraska Court Rules of Pleading in Civil Cases."[32] In a case decided after *Robertson*, we advised that "[a] district court should first consider and rule on any pending motions to amend or supplement before determining whether a postconviction motion should be overruled without an evidentiary hearing."[33]

As it stands, allowing or disallowing an inmate to amend a postconviction motion prior to a district court's ruling on whether the motion warrants an evidentiary hearing remains a matter of discretion. We take this opportunity to disavow the suggestion in the concurrence that a motion for postconviction relief remained subject to amendment to correct a defective verification after the motion was "overruled" by the district court and the district court's decision was affirmed on appeal. We reiterate that postconviction proceedings are special statutory proceedings and that they are not governed by the Nebraska Court Rules of Pleading in Civil Cases.[34]

[8] Though unrelated to the concurrence, we cannot ignore that confusion arose and was exacerbated by Burries' numerous pro se filings at times when he had counsel of record. We recognize that a defendant has the right of self-representation and that there is no absolute requirement of appointment of counsel in postconviction cases.[35] But here, Burries filed pro se postconviction motions while he was represented by counsel. To ensure the regular process is followed, we hold

---

[32] *State v. Robertson, supra* note 24, 294 Neb. at 40, 881 N.W.2d at 875.

[33] *State v. Boeggeman*, 316 Neb. 581, 599, 5 N.W.3d 735, 747 (2024), *disapproved on other grounds, State v. Goynes*, 318 Neb. 413, 16 N.W.3d 373 (2025).

[34] See *State v. Robertson, supra* note 24.

[35] See *State v. Parmar*, 263 Neb. 213, 639 N.W.2d 105 (2002).

that when a defendant is represented by counsel in a postconviction proceeding, any court filings by the defendant pro se while counsel remains of record, other than a motion to discharge his or her attorney and to proceed without counsel, will be considered a nullity.

### 3. Burries' Arguments Lack Merit

[9] It is well established that except for instances of plain error, only those issues both raised or passed upon below and specifically assigned and specifically argued on appeal will be considered by the appellate court.[36] Thus, we address those issues assigned and argued in Burries' brief. Before doing so, we set forth standards governing postconviction proceedings that will guide our analysis.

### (a) Standards in Postconviction Proceedings

[10,11] In a motion for postconviction relief, the defendant must allege facts which, if proved, constitute a denial or violation of his or her rights under the U.S. or Nebraska Constitution, causing the judgment against the defendant to be void or voidable.[37] The district court must grant an evidentiary hearing to resolve the claims in a postconviction motion when the motion contains factual allegations which, if proved, constitute an infringement of the defendant's rights under the state or federal Constitution.[38]

[12,13] The allegations in a motion for postconviction relief must be sufficiently specific for the district court to make a preliminary determination as to whether an evidentiary hearing is justified.[39] An evidentiary hearing is not required on a motion for postconviction relief when (1) the motion does not contain factual allegations which, if proved, constitute an infringement of the movant's constitutional rights rendering

---

[36] *State v. Goynes, supra* note 33.

[37] *State v. Cox*, 314 Neb. 104, 989 N.W.2d 65 (2023).

[38] *Id*.

[39] *Id.*

the judgment void or voidable; (2) the motion alleges only conclusions of fact or law without supporting facts; or (3) the records and files affirmatively show that the defendant is entitled to no relief.[40]

[14-16] Here, the postconviction motion alleges ineffective assistance of counsel. To prevail on a claim of ineffective assistance of counsel under *Strickland*,[41] the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense.[42] The two prongs of this test may be addressed in either order, and the entire ineffectiveness analysis should be viewed with a strong presumption that counsel's actions were reasonable.[43] To show prejudice under the prejudice component of the *Strickland* test, the defendant must demonstrate a reasonable probability that but for his or her counsel's deficient performance, the result of the proceeding would have been different.[44]

(b) Alleged Error in Denying Postconviction Relief
Without Evidentiary Hearing Insufficiently Argued

Burries challenges the denial of his motion without an evidentiary hearing. He argues that his motion did not contain generic and conclusory allegations. Burries twice emphasizes that Nebraska is a notice pleading jurisdiction. Indeed, our rules of pleading require merely "a short and plain statement of the claim showing that the pleader is entitled to relief."[45] But as we reiterated above, postconviction proceedings are *not* governed by these pleading rules.[46]

---

[40] *Id.*

[41] *Strickland v. Washington, supra* note 10.

[42] *State v. Cox, supra* note 37.

[43] *Id.*

[44] *Id.*

[45] Neb. Ct. R. Pldg. § 6-1108(a)(2) (rev. 2025).

[46] See *State v. Robertson, supra* note 24.

A problem with Burries' argument that corresponds to this assignment of error is a lack of specificity. While he cites case law and sets forth propositions of law, he does not provide an analysis to tie the law to any particular issue in his post-conviction motion. This argument mentions only one instance of alleged ineffectiveness—that pertaining to the pathology opinion, which is addressed in a subsequent assignment of error—and does not otherwise attack specific findings by the district court.

Burries appears to instead simply incorporate all of his claims of ineffective assistance and leave for this court to make an independent examination of each claim. We decline to do so. Recently, we cautioned that "[f]or the purposes of briefs filed with the appellate courts, we do not encourage the practice of incorporating by reference any content material to a party's argument, particularly when such references are unclear, and any party who does incorporate by reference does so at the party's own peril."[47]

### (c) Issue Regarding Pathology Expert Barred

[17] Burries argues that the court erred in determining that his assertion of ineffective assistance of counsel regarding a pathology expert is procedurally barred. A motion for postconviction relief asserting ineffective assistance of trial counsel is procedurally barred when (1) the defendant was represented by a different attorney on direct appeal than at trial, (2) an ineffective assistance of trial counsel claim was not brought on direct appeal, and (3) the alleged deficiencies in trial counsel's performance were known to the defendant or apparent from the record.[48] There is no dispute that Burries, represented by counsel different from trial counsel, did not raise this issue on direct appeal. The parties' arguments focus on the last component.

---

[47] *State v. Garcia*, 315 Neb. 74, 84-85, 994 N.W.2d 610, 640 (2023).

[48] *State v. Rupp*, 320 Neb. 502, 28 N.W.3d 74 (2025).

Burries contends that he could not have raised the issue on direct appeal. He asserts that a defendant is not expected to share the same knowledge as an expert and that it was not clear from the record what a pathology expert may have opined regarding Hoult's time of death. But the record shows uncertainty about when Hoult died.

Hoult was found deceased on May 18, 2014, and the State's pathologist performed an autopsy on May 19. The pathologist testified that Hoult's body was showing signs of decomposition and starting to decay at that time, which led him to believe that the body had "been dead for a period of time." But the pathologist was unable to provide an opinion as to the date and time of Hoult's death. On cross-examination, defense counsel elicited from the pathologist that death occurred "probably at least 24 hours but that's a guess," that "[i]t could be longer than that; but, again, it's just a guess," and that "it could be 18 hours, it could be 12 hours, it — again, it's a very vague guess."

The record demonstrates that the pathologist's uncertainty about the time of Hoult's death was known at the time of trial. Because it was apparent from the record, Burries needed to raise on direct appeal any alleged ineffectiveness of trial counsel in not investigating or calling an expert to rebut the pathologist's testimony. He did not. Accordingly, the issue of trial counsel's alleged ineffectiveness is procedurally barred.

In Burries' third amended postconviction motion, he presented this issue as a layered claim of ineffective assistance of trial and appellate counsel. His allegation that appellate counsel provided ineffective assistance by failing to raise the issue on direct appeal is not procedurally barred. However, Burries' assignment of error and argument on this issue refer only to trial counsel. Because he failed to assign and argue in his brief that appellate counsel was ineffective, that issue is not properly before us.[49]

---

[49] See *State v. McGuire*, 299 Neb. 762, 910 N.W.2d 144 (2018).

### (d) No Ineffectiveness Regarding Coburn

Burries contends that he was entitled to an evidentiary hearing on trial counsel's failure to call Coburn as a witness. Burries raised this issue on direct appeal, but we stated the record was insufficient to reach it. In the postconviction motion, Burries asserted that Coburn would testify that she saw Hoult alive in the afternoon of Friday, May 16, 2014, which would not fit with the prosecution's theory that Burries killed Hoult that day between 3:30 and 4 a.m.

Burries' contention is refuted by his own motion. He attached to his motion "exhibits" and incorporated them by reference. One of the exhibits is an excerpt of Coburn's pretrial deposition, which was taken by Burries' trial counsel. Counsel asked if Coburn recalled telling her son that she thought she saw Hoult on Friday at 2:30 p.m. Coburn remembered saying when she saw Hoult, but Coburn was "thinking it could have been Thursday." She could not say whether she told her son that it was Thursday or Friday.

Because Coburn was unsure what day she last saw Hoult, we cannot say that trial counsel's performance was deficient in failing to secure Coburn's appearance at trial. A different witness, Dolan, testified that she saw Hoult at around 7:30 a.m., but the jury still convicted Burries. Even if Coburn had testified that she saw Hoult on Friday afternoon, there is not a reasonable probability that the result of the trial would have been different.

### (e) Burries Is Entitled to No Relief

[18] Burries' final assignment of error is that he is entitled to an evidentiary hearing based on the combination of errors he alleged. We have expressed skepticism about whether meritorious claims of ineffective assistance are properly included in an analysis under the cumulative error doctrine.[50] And we have stated that if ineffective assistance claims are either without merit or not sufficiently raised or the record is

---

[50] *State v. Vazquez*, 319 Neb. 192, 21 N.W.3d 615 (2025).

insufficient to resolve them on direct appeal, the record does not support a claim of cumulative error.[51]

Burries' brief largely failed to specifically assign and argue errors related to his assertions of ineffective assistance of counsel. Those that were sufficiently presented were either procedurally barred or refuted by Burries' own motion, or there was no prejudice. We conclude the district court did not err in denying an evidentiary hearing.

## VI. CONCLUSION

After assuming, without deciding, that Burries' third amended motion for postconviction relief is not barred as a successive motion, we conclude the following:

- Burries failed to sufficiently argue his assignment that the court erred in denying his motion based on generic or conclusory allegations.
- Burries' allegation of ineffective assistance of trial counsel for failing to challenge Hoult's time of death through a pathology expert is procedurally barred. Uncertainty about the time of death was known and apparent from the record, but Burries did not raise the issue on direct appeal.
- Although Burries asserts that Coburn would have testified that she last saw Hoult on Friday, May 16, 2014, Burries attached a portion of Coburn's deposition in which she stated she was uncertain if she saw Hoult on Thursday or Friday. Thus, Burries failed to show either deficient performance or prejudice related to counsel's failure to have Coburn testify.

Finding no merit to Burries' assigned errors, we affirm the judgment of the district court.

AFFIRMED.

FREUDENBERG, BERGEVIN, and VAUGHN, JJ., not participating.

---

[51] See *id.*